JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
F. Scott Tharp
17 Foxcroft Lane
Phoenixville, PA 19460

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Daniel R. Utain, Esquire       610-941-2582
Kaplin Stewart Meloff Reiter & Stein, PC
910 Harvest Drive, P.O. Box 3037
Blue Bell, PA 19422-0765

## DEFENDANTS
Augustar Life Insurance Company t/a Augustar Financial
One Financial Way
Cincinnati, OH 45242

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | **PERSONAL INJURY** | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 365 Personal Injury - Product Liability | [ ] 820 Copyrights | [X] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | **LABOR** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Management Relations | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 751 Family and Medical Leave Act | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | [ ] 790 Other Labor Litigation | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | [ ] 791 Employee Retirement Income Security Act | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | **SOCIAL SECURITY** | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | [ ] 861 HIA (1395ff) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 862 Black Lung (923) | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 863 DIWC/DIWW (405(g)) | |
| | | [ ] 550 Civil Rights | [ ] 864 SSID Title XVI | |
| | | [ ] 555 Prison Condition | [ ] 865 RSI (405(g)) | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | **FEDERAL TAX SUITS** | |
| | | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| | | [ ] 462 Naturalization Application | | |
| | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. §1693f
Brief description of cause:
Violation of Electronic Funds Transfer Act

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ In Excess of $80,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
May 1, 2026

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

### FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)  County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)  Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.  Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.  Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.  Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.  Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.**  This section of the JS 44 is used to reference related cases, if any.  If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Phoenixville, Pennsylvania

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                                                          Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same    Yes ☐
    individual?

5.  Is this case related to an earlier numbered suit even though none of the above categories apply?    Yes ☐
    If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated
action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Wage and Hour Class Action/Collective Action
☐ 6.  Patent
☐ 7.  Copyright/Trademark
☐ 8.  Employment
☐ 9.  Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief ***see certification below***
☒ 16. All Other Federal Question Cases. *(Please specify)*: Banks and Banking - 15 U.S.C. §1693f

**B.** *Diversity Jurisdiction Cases:*

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify)*:_____
☐ 7.  Products Liability
☐ 8.  All Other Diversity Cases: *(Please specify)*_____
       _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications
beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or
federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory
judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐    Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the
money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a
violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐    None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

F. SCOTT THARP                              :
17 Foxcroft Lane                            :
Phoenixville, PA 19460,                     :
                              Plaintiff     :
                                            :   No.
         v.                                 :
                                            :
AUGUSTAR LIFE INSURANCE                     :
COMPANY t/a AUGUSTAR FINANCIAL:
One Financial Way                           :
Cincinnati, OH 45242                        :
                                            :
         and                                :
                                            :
CURRY ASSOCIATES, INC.                      :
701 Foulk Road                              :
Suite 2G                                    :
Wilmington, DE 19803,                       :
                              Defendants    :

## COMPLAINT

Plaintiff F. Scott Tharp, by and through undersigned counsel, hereby asserts this Complaint against AuguStar Life Insurance Company t/a AuguStar Financial and Curry Associates, Inc. and states as follows:

## PARTIES

1.      Plaintiff F. Scott Tharp ("**Plaintiff Tharp**") is an adult individual residing at 17 Foxcroft Lane, Phoenixville, Pennsylvania 19460.

2.      Defendant AuguStar Life Insurance Company t/a AuguStar Financial is an Ohio corporation with its principal place of business located at One Financial Way, Cincinnati, Ohio 45242 ("**AuguStar Financial**").

19544/1/11996030/4

3. Defendant Curry Associates, Inc. is a Delaware corporation with its principal place of business located at 701 Foulk Road, Suite 2G, Wilmington, Delaware 19801 ("**Curry Associates**").

4. Curry Associates is owned and operated by William L. Curry. Curry Associates and William L. Curry shall hereinafter be referred to collectively as ("**Curry**").

## JURISDICTION AND VENUE

5. The Court has personal jurisdiction over Defendants in this action because Defendants have committed acts which underlie Plaintiff's claims and have conducted business in the Commonwealth of Pennsylvania.

6. Subject matter jurisdiction is conferred on the Court pursuant to 28 U.S.C. §1331 inasmuch as Plaintiff's claims raise federal questions. Pursuant to 28 U.S.C. §1367, Plaintiff's remaining claims fall within the Court's supplemental jurisdiction as they are so related to the federal claims that they form part of the same case or controversy.

7. Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(a)(2) because the events giving rise to Plaintiff's claims against Defendants, and the damages sustained by Plaintiff, occurred in the Eastern District of Pennsylvania.

## FACTS

8. Defendant AuguStar Financial is a financial services company which provides a variety of financial services and products under its AuguStar Financial tradename.

9. Defendant AuguStar Financial offers and sells financial products, including, but not limited to, fixed index annuities, through its registered agents to consumers.

10.    At all material times, Defendant Curry was acting in its capacity as an agent for Defendant AuguStar Financial.

11.    On or about January 16, 2025, Plaintiff purchased Fixed Indexed Annuity Account No.  X2020384 ("**FIA Account**") from Defendant AuguStar Financial through its agent Defendant Curry.

12.    At Defendant Curry's request, Plaintiff hand-delivered to Defendant Curry a voided check ("**Voided Check**") identifying the bank name, bank routing number and account number for Plaintiff's checking account ("**Plaintiff's Bank Account**").

13.    In early 2026, Plaintiff Tharp informed Defendants that he was moving to Florida and needed funds from Plaintiff's FIA Account in order to purchase his new home.

14.    On February 4, 2026, Plaintiff Tharp directed Defendants to wire transfer the amount of $80,000.00 from Plaintiff's FIA Account to Plaintiff's Bank Account.

15.    In response to Plaintiff's request for wire transfer, Defendant emailed to Plaintiff Tharp certain documents required to make the aforesaid wire transfer, including a copy of the Voided Check.

16.    In its February 4, 2026 email, Defendant Curry requested confirmation from Plaintiff Tharp that the funds from Plaintiff's FIA Account should be wire transferred to Plaintiff's Bank Account as identified on the Voided Check.

17.    Plaintiff Tharp immediately responded to Defendant Curry's February 4, 2026 email by confirming his previous instruction to transfer the funds from Plaintiff's FIA Account to Plaintiff's Bank Account.

3

18. Plaintiff Tharp advised Defendant Curry that it was not a safe practice for Defendant Curry to send a copy of the Voided Check by email or to verify the details of the wire transfer by email rather than by telephone call to the Plaintiff.

19. Defendant Curry advised Plaintiff Tharp that the wire transfer may take up to ten days to be processed.

20. However, the funds from Plaintiff's FIA Account were not deposited into Plaintiff's Bank Account.

21. When Plaintiff Tharp contacted Defendant Curry on February 14, 2026 to inquire about the status of the wire transfer, Defendant Curry admitted that Plaintiff's funds from Plaintiff's FIA Account had not been wired to Plaintiff's Bank Account.

22. Defendant Curry admitted that it had directed Defendant AuguStar to wire Plaintiff's funds from Plaintiff's FIA Account to an account which was not Plaintiff's Bank Account.

23. Defendant Curry claimed that it altered Plaintiff's wire instructions based on two fraudulent emails purportedly sent by Plaintiff to Defendant Curry on February 9, 2026 (collectively "**Fraudulent Emails**"). True and correct copies of the Fraudulent Emails are attached hereto as **Exhibit 1**.

24. The first of the Fraudulent Emails was sent by an unknown third-party to Defendant Curry on February 9, 2026 at 10:40 a.m. and requested that Defendant Curry "update" the bank information for the wire transfer. Ex. 1.

25. Despite the fact that the email address and the signature block on the first Fraudulent Email were different from Plaintiff's email address and signature block, and without verifying that the email came from Plaintiff, Defendant Curry responded to the first Fraudulent

4

Email by sending a Letter of Instruction which contained confidential details about Plaintiff and his FIA Account. Ex. 1.

26.     Defendant Curry also directed the unknown third-party to send a Voided Check containing the new bank account information. *Id.*

27.     In response to Defendant Curry's invitation and direction, the unknown third-party sent a second Fraudulent Email on February 9, 2026, attaching Defendant Curry's Letter of Instruction purportedly signed by Plaintiff ("**Forged Letter**"). A true and correct copy of the Forged Letter is attached hereto as **Exhibit 2**.

28.      It is evident that the signature on the Forged Letter was cut and pasted onto the document and was forged.

29.     In response to Defendant Curry's invitation and direction, the unknown third-party also sent to Defendant Curry by email a falsified and altered version of Plaintiff's Voided Check ("**Fraudulent Check**").  A true and correct copy of the Fraudulent Check is attached hereto as **Exhibit 3**.

30.     The Fraudulent Emails, Forged Letter and Fraudulent Check were sent by unknown third-parties without Plaintiff Tharp's knowledge, consent or authorization.

31.     There were many red flags which should have alerted Defendant Curry that the Fraudulent Emails, Forged Letter and Fraudulent Check were not sent by Plaintiff Tharp.

32.     The Fraudulent Emails came from an email address not associated with Plaintiff Tharp and which was never used by Plaintiff in his communications with Defendant Curry.

33.     The Forged Letter contains a signature different from Plaintiff Tharp's signature, and a portion of the signature is missing.

5

34.     The Fraudulent Check contains a bank routing number different from the routing number for Plaintiff's Bank Account contained on the Voided Check.

35.     The Fraudulent Check contains an account number different from the account number for Plaintiff's Bank Account contained on the Voided Check ("**Third Party Account**").

36.     The total numbers for the routing and account numbers exceeded the typical amount of numbers used for financial accounts maintained by financial institution housing Plaintiff's Bank Account.

37.     The Fraudulent Check contains a forged digital signature which is different from Plaintiff's signature.

38.     Upon information and belief, prior to receiving the Fraudulent Emails, Forged Letter and Fraudulent Check, Defendant Curry's email and/or computer systems had been infiltrated by unknown third-parties.

39.     At the time it received the Fraudulent Emails, Forged Letter and Fraudulent Check, Defendant Curry did not have reasonable or necessary security measures, policies and/or procedures in place to prevent hacking and infiltration of its computer systems by third-parties.

40.     Defendants did not call, or in any other way contact Plaintiff to verify the purported change in wire instructions.

41.     Defendants did not verify or engage in any due diligence to verify that the Fraudulent Emails had been sent or authorized by Plaintiff Tharp.

42.     Defendants did not verify or engage in any due diligence to verify that the signature on the Forged Letter was genuine.

6

43. Defendants did not verify or engage in any due diligence to verify that the bank routing number and/or the account number contained on the Fraudulent Check was associated with Plaintiff.

44. Defendants did not verify or engage in any due diligence to verify that Plaintiff Tharp had changed the wire instructions before wiring Plaintiff's funds from Plaintiff's FIA Account to the Third-Party Account.

45. As a result of Defendants' aforesaid acts and omissions, unknown third-parties gained access to Plaintiff's financial and banking information.

46. As a result of Defendants' aforesaid acts and omissions, unknown third-parties changed Plaintiff's wire transfer instructions without Plaintiff's authorization, knowledge or consent.

47. As a result of Defendants' aforesaid acts and omissions, Defendants disbursed $80,000 from Plaintiff's FIA Account to unknown third-parties.

48. As a result of Defendants' aforesaid acts and omissions, Plaintiff not only lost $80,000 of his funds, but also incurred significant additional losses, costs and expenses.

49. On or around February 14, 2026, Plaintiff Tharp notified Defendants about the theft of his funds and demanded that Defendants terminate the wire transfer, take all actions to retrieve Plaintiff's funds, and reimburse Plaintiff in full for the stolen funds.

50. Despite repeated demands by Plaintiff Tharp, Defendants have failed and refused to return Plaintiff's funds to him and/or reimburse Plaintiff for the fraudulent wire transfer.

## COUNT I
### VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT
### AND REGULATION E

51.    Plaintiff Tharp incorporates the above paragraphs as though fully set forth herein at length.

52.    The Electronic Funds Transfer Act ("**EFTA**") and its implementing Regulation E ("Reg. E") govern any "electronic fund transfer," referred to herein as an "EFT," which are defined as any transfer of funds that is initiated through an electronic terminal, telephonic instrument, or computer that orders, instructs, or authorizes a financial institution to debit or credit an account. 15 U.S.C. §1693a(7).

53.    The EFTA and Reg. E protect consumers from unauthorized EFTs and other errors and provide a private cause of action for a consumer to seek damages for financial institutions' unauthorized electronic transfer of funds from the consumer's account. *Id.*

54.    Electronic wire transfer authorizations which do not come from the affected consumers and the resulting debits do not benefit those consumers are unauthorized EFTs. 15 U.S.C. §1693a(12).

55.    Under the EFTA and Reg. E, Defendants, in response to a notice of an unauthorized EFT, must conduct an investigation, provisionally credit a consumer's account if the investigation is not completed within 10 days, and refund all lost amounts in excess of (i) $50 if notice was provided within two business days of the consumer becoming aware of the unauthorized transfer or (ii) $500 if notice was provided within sixty days of the consumer becoming aware of the unauthorized transfer. 15 U.S.C. §§1693f, 1693g; 12 C.F.R. §1005.6(b).

8

56.    With the exception of the aforesaid liability thresholds based on the timing of notice provided, "a consumer incurs no liability from an unauthorized electronic fund transfer." 15 U.S.C. §1693g(e).

57.    Defendants' wire transfer of Plaintiff Tharp's funds from Plaintiff's FIA Account to the Third-Party Account was an electronic funds transfer under the EFTA and Reg. E.

58.    Defendants' wire transfer of Plaintiff Tharp's funds from Plaintiff's FIA Account to the Third-Party Account was unauthorized.

59.    Authorization for Defendants' electronic wire transfer did not come from Plaintiff Tharp and the resulting debits did not benefit Plaintiff.

60.    Defendants' EFT resulted from unknown third-parties' Fraudulent Email and Fraudulent Check purporting to electronically authorize Defendants to transfer Plaintiff's funds from Plaintiff's FIA Account to the Third-Party Account without actual authority.

61.    Plaintiff Tharp notified Defendants about the unauthorized EFT within two business days of becoming aware of the unauthorized EFT from Plaintiff's FIA Account.

62.    Defendants violated the EFTA and Reg. E by failing to conduct an investigation upon Plaintiff's notice of the unauthorized EFT.

63.    Defendants violated the EFTA and Reg. E by failing to provisionally credit Plaintiff's FIA Account within ten days of Plaintiff's notice of unauthorized payment activity.

64.    Defendants violated the EFTA and Reg. E by failing to refund to Plaintiff all lost amounts in excess of $50.

65.    Plaintiff Tharp has suffered damages in excess of $80,000 as a direct and proximate result of Defendants' violations of the EFTA and Reg. E.

9

**WHEREFORE**, Plaintiff F. Scott Tharp demands judgment in his favor and against Defendants AuguStar Life Insurance Company t/a AuguStar Financial and Curry Associates, Inc. in an amount in excess of $80,000, together with an award of compensatory damages, attorney's fees, costs, penalties and such other relief as the Court may deem appropriate.

## COUNT II
### VIOLATION OF PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

66. Plaintiff Tharp incorporates the above paragraphs as though fully set forth herein at length.

67. This claim is asserted pursuant to the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. 201-1 *et seq*.

68. Plaintiff Tharp is a "person" as that term is defined in 73 P.S. §201-2(2).

69. Defendants were engaged in "trade" and "commerce" as those terms are defined in 73 P.S. §201-2(3).

70. Plaintiff Tharp purchased goods and/or services from Defendants for personal, family or household purposes.

71. Pursuant to 73 P.S. §201-3, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce as defined by subclauses (i) through (xxi) of [73 P.S. §201-2(4)] … are hereby declared unlawful."

72. Defendants engaged in fraudulent and deceptive conduct which created a likelihood of confusion or misunderstanding in violation of 73 P.S. §201-2(4)(xxi), including but not limited to the following:

    a. transferring Plaintiff's funds from Plaintiff's FIA Account to an unknown Third-Party Account without Plaintiff's knowledge or authorization;

10

b.     failing to advise Plaintiff Tharp that Defendant Curry's computer systems had been infiltrated by third-parties;

c.     failing to advise Plaintiff Tharp that Defendants did not maintain adequate procedures or processes to secure their clients' accounts and private financial information;

d.     failing to notify Plaintiff Tharp that Defendants received wire transfer instructions which were different from the wire transfer instructions provided by Plaintiff to Defendants;

e.     failing to contact Plaintiff to verify that Plaintiff sent the Fraudulent Email;

f.     failing to contact Plaintiff to  verify that the Fraudulent Check was sent by Plaintiff;

g.     failing to notify Plaintiff that they had wired Plaintiff's funds to a bank account different than Plaintiff's Bank Account;

h.     failing to timely conduct an investigation into the fraudulent wire transfer; and

i.     failing to reimburse Plaintiff in full for all funds diverted by Defendants to the Third-Party Account.

73.     It was reasonably foreseeable that Plaintiff Tharp would be harmed by the unfair and deceptive acts or practices described hereinabove.

74.     Plaintiff Tharp justifiably relied on any and all misrepresentations and omissions described hereinabove.

75.     Pursuant to 73 P.S. §201-9.2(a):

Any person who purchases or leases good or services primarily for personal, family or household purposes and thereby suffers any

11

ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees.

76. Plaintiff Tharp suffered ascertainable losses, including but not limited to, the loss of $80,000 from his FIA Account and substantial additional costs and expenxes as described hereinabove as a proximate result of Defendants' aforementioned unfair and deceptive acts and practices.

**WHEREFORE**, Plaintiff F. Scott Tharp demands judgment in his favor and against Defendants AuguStar Life Insurance Company t/a AuguStar Financial and Curry Associates, Inc. in an amount in excess of $80,000, together with an award of compensatory damages, treble damages, punitive damages, attorney's fees, costs, penalties and such other relief as the Court may deem appropriate.

**COUNT III**
**NEGLIGENCE**

77. Plaintiff Tharp incorporates the above paragraphs as though fully set forth herein at length.

78. At all times, Defendants owed a duty of care to Plaintiff to *inter alia*,

a. secure and protect Plaintiff's private financial information and secure and protect Plaintiff's funds from theft;

b. implement and maintain adequate security procedures and policies to prevent the infiltration and hacking of Defendants' computer systems;

c. secure access to Plaintiff's financial information;

12

d.    maintain and follow adequate security procedures and policies regarding requests affecting customers' accounts;

e.    verify by telephone call or other secure means any and all requests to transfer and/or withdraw funds from Plaintiff's accounts; and

f.    immediately notify Plaintiff when Defendants receive any and all instructions, authorizations or requests affecting Plaintiff's accounts.

79.    Defendants breached their duty of care to Plaintiff by, *inter alia*,

a.    failing to implement, maintain and follow adequate security procedures, resulting in the infiltration and hacking of Defendants' computer systems;

b.    failing to secure and protect Plaintiff's private financial information and access to Plaintiff's financial information, which allowed unknown third-parties to become aware of Plaintiff's wire transfer instructions and to alter those instructions;

c.    failing to secure and protect Plaintiff's funds from theft;

d.    failing to maintain and follow procedure regarding requests affecting customers' accounts;

e.    failing to verify by telephone call or other secure means that Plaintiff authorized the wire instructions contained in the Fraudulent Emails, Forged Letter and Fraudulent Check; and

f.    failing to immediately notify Plaintiff when Defendants received the request wire transfer of $80,000 from Plaintiff's FIA Account to the Third-Party Account.

13

80.     Plaintiff Tharp has suffered substantial harm as a direct and proximate result of Defendants' negligence, including, but not limited to, the loss of his assets, substantial additional costs and expenses, attorney's fees and costs.

**WHEREFORE**, Plaintiff F. Scott Tharp demands judgment in his favor and against Defendants AuguStar Life Insurance Company t/a AuguStar Financial  and Curry Associates, Inc. in an amount in excess of $80,000, together with an award of compensatory damages, attorney's fees, costs and such other relief as the Court may deem appropriate.

**COUNT IV**
**CONVERSION**

81.     Plaintiff Tharp hereby incorporates the above paragraphs as though fully set forth herein at length.

82.     At all material times, Plaintiff Tharp had a property interest in the funds held in Plaintiff's FIA Account.

83.     Defendants intentionally deprived Plaintiff Tharp of his right to and possession of the funds held in Plaintiff's FIA Account by wrongfully disbursing the funds to unknown third-parties.

84.     Defendants wrongfully converted the funds from Plaintiff's FIA Account without Plaintiff Tharp's knowledge, authorization or consent and without lawful justification.

85.     At all times relevant hereto, Defendants acted knowingly, intentionally, willfully and with reckless disregard for Plaintiff's rights.

86.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff Tharp has suffered substantial damages, including the loss of his assets, expenses, attorney's fees and costs.

14

**WHEREFORE**, Plaintiff F. Scott Tharp demands judgment in his favor and against Defendants AuguStar Life Insurance Company t/a AuguStar Financial  and Curry Associates, Inc. in an amount in excess of $80,000, together with an award of compensatory damages, attorney's fees, costs and such other relief as the Court may deem appropriate.

**KAPLIN STEWART MELOFF REITER & STEIN, P.C.**

**By:**   */s/Daniel R. Utain, Esquire*
Daniel R. Utain, Esquire
Sandhya M. Feltes, Esquire
910 Harvest Drive
P.O. Box 3037
Blue Bell, PA 19422
(610) 941-2582
dutain@kaplaw.com
sfeltes@kaplaw.com
Attorneys for Plaintiff

Dated:  May 1, 2026